IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LARRY HURST,
individually and on behalf of all similarly situated,

No. 3:15-cv-00021-HZ

    Plaintiff,

OPINION & ORDER

  v.

FIRST STUDENT, INC.,
a foreign corporation,

    Defendant.


David A. Schuck
SCHUCK LAW, LLC
10013 NE Hazel Dell Avenue, Suite 178
Vancouver, WA 98685

Attorney for Plaintiff

Douglas E. Smith
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101


OPINION & ORDER – 1

Jennifer N. Warberg
LeiLani J. Hart
LITTLER MENDELSON, P.C.
121 SW Morrison, Suite 900
Portland, OR 97204

     Attorneys for Defendant

HERNÁNDEZ, District Judge:

     Plaintiff Larry Hurst filed a lawsuit in Multnomah County Circuit Court seeking to certify a class action to recover unpaid minimum wages, civil penalty wages, and interest against Defendant First Student. First Student removed the case to federal court on January 5, 2015. Currently before the Court is Hurst's motion to remand the case back to state court.

     Because First Student did not receive an amended pleading, motion, order, or other paper from which it could have ascertained removability until December 9, 2014, the Court finds its notice of removal on January 5, 2015 was timely. Hurst's motion to remand is denied.

## BACKGROUND

     Hurst, a former First Student employee, filed a Class Action Complaint in Multnomah County Circuit Court on April 29, 2013, alleging First Student violated Oregon's minimum wage laws by requiring current and former employees attend mandatory training and orientation and not paying them for their time. Defendant's Notice of Removal of Action ("Def. Notice") Attachment A, at 2–3. Hurst pled one claim for relief seeking unpaid minimum wages, penalties, attorney's fees, and costs. Id. at 9–12. In the Complaint, Hurst stated "[t]he aggregate total of the claims pled herein do not exceed five million dollars." Id. at 4.

     Hurst filed a motion for class action certification, and Judge Leslie Roberts of the Multnomah County Circuit Court granted it. Id. at 110–11, 343–47. The certification did not include any specific findings or conclusions regarding the size of the class or the potential value

OPINION & ORDER – 2

of the class members' claims. On July 21, 2014, Hurst sent First Student a proposed class action

notice. Schuck Declaration ("Decl.") Ex. 2. The proposed notice included the following

language:

> The damages [Hurst] seeks for each class member is as follows: 1. Unpaid
> minimum wages class: all unpaid minimum wages, plus a minimum wage civil
> penalty. The minimum wage civil penalty is calculated as follows: (hourly rate * 8
> hours * 30 days). For example if the class member attended when minimum wage
> was $8.50 per hour the penalty would be $2,040. ($8.50 * 8 * 30 = $2,040) (the
> minimum wage civil penalty is only available for those class members who
> attended orientation on or after March 30, 2010[)];

Schuck Decl. Ex. 2.

First Student objected to the proposed notice, arguing its language was "designed to

create the misleading impression that class members can expect to receive a specific dollar

amount if they remain in the class." Schuck Decl. Ex. 3. In response, Judge Roberts ordered the

notice must include a disclaimer that said "[t]he example given is merely an illustration of the

claimed damages," and "[n]o class member can be assured a recovery or any specific amount of

recovery." Schuck Decl. Ex. 4. Judge Roberts also ordered the disclaimer explain that "[a]n

award, if any, to a specific class member will depend on the resolution of the issues in the case,

and on the particular facts regarding that class member." Id.

The parties then agreed to attend a settlement mediation conference on November 4,

2014. Defendant's Opposition to Plaintiff's Motion ("Def. Opp."), at 5. In preparation for

mediation, First Student sent Hurst's counsel an email in October, 2014, with an estimate of the

total number of potential class members. Schuck Decl. Ex. 5. The settlement conference was not

successful. Def. Opp. at 6.

A few weeks later, First Student made a request for admission asking if Hurst was

"seeking to recover more than $5,000,000.00 in this action (exclusive of interests and costs) on

behalf of yourself and the members of the class certified by the Court." Def. Notice, Attachment B at 6–8. Hurst answered affirmatively on December 9, 2014. Id.

First Student removed the action to federal court on January 5, 2015, asserting the case satisfied the amount-in-controversy and diversity jurisdiction requirements under the Class Action Fairness Act ("CAFA"). Def. Notice at 3. Hurst subsequently filed the present motion to remand.

## STANDARDS

"A motion to remand is the proper procedure for challenging removal." Moore Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure. See 28 U.S.C. § 1447(c). Although the Ninth Circuit had long-applied a general rule of strict construction against removal of class actions, a recent case held there is no antiremoval presumption for cases invoking CAFA. Jordan v. Nationstar Mortgage LLC, No. 14-35943, 2015 WL 1447217, at *5 (9th Cir. Apr. 1, 2015) (citing Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014) (explaining that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court)).

## DISCUSSION

Hurst argues First Student's notice of removal was untimely because the 30–day period for removal under Section 1446(b)(1) began to run either (1) when Hurst sent First Student the proposed class notice in July of 2014 which included an example of damages, or, at the very least, (2) when First Student responded to Hurst's proposed notice with an email in October of 2014 estimating the number of potential class members. Pl. Motion at 3, 6. Hurst contends that his damages example multiplied by First Student's estimate of potential class members exceeded

$5 million, thus notifying First Student that the case was removable and triggering the 30-day removal clock. Pl. Reply to Mot. to Remand ("Pl. Reply") at 3–4.

CAFA authorizes the removal of class action lawsuits from state to federal court where the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). If grounds for removal are not apparent in the initial complaint, a party seeking to remove must file a notice of removal within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C § 1446(b)(3). If notice of removal is untimely, a plaintiff may move to remand the case back to state court. See 28 U.S.C. §§ 1447(c), 1453(c)(1).

The initial pleading did not make grounds for removal apparent, since Hurst stated the aggregate total of the claims did not exceed $5 million dollars. Def. Notice at 4. Therefore, the Court must determine whether First Student could have ascertained removability from the July 2014 proposed notice or the October 2014 email.

The Ninth Circuit has not defined the term "other paper" within the meaning of Section 1446(b)(3), but has found it includes document sent during the course of litigation which contained sufficient information to assess removability, including (1) a plaintiff's response to interrogatories, (2) a plaintiff's response to a deposition question, and (3) a settlement letter sent after the complaint was filed. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006) Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885–87 (9th Cir. 2010); Babasa v. LensCrafters, Inc., 498 F.3d 972, 974–75 (9th Cir. 2007).

The proposed notice and October 2014 email were exchanged by the parties' attorneys during the course of litigation. Unlike the previous examples, however, neither the July 2014

proposed notice nor the October 2014 email gave First Student enough information to determine

removability. The proposed notice included the following illustration:

> For example if the class member attended when minimum wage was $8.50 per
> hour the penalty would be $2,040. ($8.50 * 8 * 30 = $2,040) (the minimum wage
> civil penalty is only available for those class members who attended orientation
> on or after March 30, 2010;

Schuck Decl. Ex. 2. Standing alone, the notice does not contain information to assess

removability because it is impossible to determine whether the case could have exceeded the $5

million CAFA threshold.

First Student's subsequent October 2014 email only contained an <u>estimate</u> of the class

size, and was therefore insufficient to notify First Student that the case was removable. A

defendant has a duty to "apply a reasonable amount of intelligence in ascertaining removability,"

which includes multiplying "clearly stated" figures. <u>Kuxhausen v. BMW Fin. Servs. NA LLC</u>,

707 F.3d 1136, 1140 (9th Cir. 2013) (citations omitted). But defendants are not required to

"make extrapolations or engage in guesswork." <u>Id.</u> In other words, the law does not "charge

defendants with notice of removability until they've received a paper that gives them enough

information to remove." <u>Id.</u> (quoting <u>Durham</u>, 445 F.3d at 1251).

The estimated class size in First Student's October 2014 email is not definitive enough to

charge First Student with notice of removability. The relevant portions of the email are as

follows:

> First Student estimates that there are 2,465 class members who were trained and
> then subsequently hired during the class period. Of these 2,465 members:
> > 398 are terminated bus drivers who worked exclusively before 3/30/2010
> > 982 are current bus drivers who worked on or after 3/30/2010
> > 1,085 are terminated bus drivers who worked on or after 3/10/2010.
> . . .

OPINION & ORDER – 6

> In addition . . . First Student estimates that there are 476 applicants who went through some/all of the pre-hire training program during the class period but were never hired. Of these 476 applicants:
>> 111 participated in the pre-hire training program before 3/30/2010
>> 365 participated in the pre-hire training program on or after 3/30/2010.

Schuck Decl. Ex. 5, at 1.

First Student points out that a significant portion of the estimated 2,941 class members it identified may not be eligible to assert a penalty wage claim because they attended a training outside three-year statute of limitations period. Def. Opp. at 10. Moreover, First Student would have had to assume, i.e. guess, that the proposed notice's quoted example of a $2,040 claim was a certain amount, despite its stated demonstrative purpose and instruction from the judge that it was "merely an illustration." Schuck Decl. Ex. 4. No "reasonable amount of intelligence" could have resolved the uncertainty in both the amount of damages and the class size. Kuxhausen, 707 F.3d at 1140; see also Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006) (explaining that defendants are not required to take "blind leap" and remove based on incomplete or insufficient information, because premature removal could subject them to fees, costs, and even Rule 11 sanctions).

Hurst cites to Carvalho in support of his argument that First Student should have been able to perform a simple calculation to ascertain removability, but that case is easily distinguishable. In Carvalho, the plaintiff testified the damages would be a sum certain amount. 629 F.3d at 885–87. In this case, Hurst's proposed notice only contained a damages estimate, not a certain amount. First Student could not have known the example was indeed the amount of damages he expected to recover for each class member. Further illustrating the uncertainty is Judge Robert's disclaimer informing recipients that the example was not a guarantee of any

OPINION & ORDER – 7

specific recovery. And as explained above, the estimated class size was too imprecise to conclusively determine removability.

CONCLUSION

First Student did not receive an "other paper" from which it could have ascertained removability until December 9, 2014, when Hurst responded to an interrogatory affirming he was seeking more than $5,000,000 for the class. Because First Student filed its notice of removal within 30 days of receiving that information, its notice was timely and Hurst's motion to remand [6] is DENIED.

IT IS SO ORDERED.

Dated this ___13___ day of ___May___, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge