IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY HURST, individually and on
behalf of all similarly situated,

     Plaintiff,

  v.

FIRST STUDENT, INC., a foreign
corporation,

     Defendant.

No. 3:15-cv-00021-HZ

OPINION & ORDER

David Arthur Schuck
Karen A. Moore
Schuck Law, LLC
10013 NE Hazel Dell Avenue
Suite 178
Vancouver, WA 98685

  Attorneys for Plaintiff

1 - OPINION & ORDER

Douglas E. Smith
Littler Mendelson P.C.
One Union Square
600 University Street
Suite 3200
Seattle, WA 98101-3122

Jennifer Neth Warberg & LeiLani J. Hart
Littler Mendelson P.C.
121 SW Morrison
Suite 900
Portland, OR 97204

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      Plaintiff Larry Hurst initially filed this class action in Multnomah County claiming that Defendant First Student, Inc. ("First Student") failed and refused to pay him and similarly situated individuals for hours spent during driver training and orientation. Specifically, Hurst seeks unpaid minimum wages and a civil penalty for all current and former employees of First Student. First Student subsequently removed the case to this Court.

      First Student now moves for partial summary judgment against the civil penalty portion of Hurst's claim because he is time-barred from collecting a civil penalty by the applicable three-year statute of limitations. Without a valid civil penalty claim, First Student argues, Hurst cannot represent a class of individuals entitled to a civil penalty because he lacks standing and cannot satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure ("Rule") 23. Thus, First Student also seeks an order decertifying the civil penalty portion of the class.

      The Oregon statutes at issue contain a single cause of action imposing liability on an employer who fails to pay the minimum wage for all hours worked; the unpaid minimum wage damages and the civil penalty are simply different measures of damages for the same employer

2 - OPINION & ORDER

misconduct. Accordingly, First Student's motion for summary judgment against Hurst's civil penalty "claim" is denied. Hurst can continue to represent a class of individuals seeking to hold First Student liable for failing to pay minimum wages during driver training because he meets the standing, typicality and adequacy requirements for being a class representative.

## BACKGROUND

In late July 2008, Hurst applied for employment with First Student. Hurst Deposition, ECF No. 24–1, at 5–6. Shortly thereafter, he attended First Student's training program which consisted of training on company policies, scenario analysis, first aid, and pre-trip bus inspections. Id. at 8–9. First Student did not pay Hurst any wages for his time spent completing the training program. Id. at 15. Hurst began driving buses for First Student when the new school year began in September 2008, but only worked for approximately one month until he was terminated by mutual agreement on October 1, 2008. Id. at 4.

Hurst filed his complaint in the Circuit Court of the State of Oregon for the County of Multnomah in April 2013 alleging that he and similarly situated individuals were entitled to unpaid minimum wages and a civil penalty under ORS 653.055. Defendant's Notice of Removal of Action, Attachment A, ECF No. 6, at 9–12. The judge certified the case as a class action on behalf of

> [a]ll persons who attended the bus driver training programs of First Student, Inc. (or its predecessor Laidlaw International, Inc.) for bus driver employees or prospective employees in Oregon, between April 29, 2007 and April 29, 2013. The claims for which the class is to be certified are those stated in plaintiff Hurst's complaint in this action arising under state wage and hour laws to recover unpaid wages and civil penalties.

Id. at 346. Hurst is the sole class representative. First Student removed the action to this Court on January 5, 2015, asserting that the case satisfied the amount-in-controversy and diversity jurisdictional requirements of the Class Action Fairness Act. 28 U.S.C. § 1332(d)(2). First

3 - OPINION & ORDER

Student seeks summary judgment against the civil penalty portion of Hurst case and an order decertifying the civil penalty class.

## DISCUSSION

I.  Statutory Analysis

First Student asks for summary judgment against Hurst's civil penalty claim because he is time-barred from collecting the civil penalty. Implicit in First Student's argument is the assertion that Hurst's claim against First Student can be split into two separate causes of action: one for unpaid minimum wages and one for an additional civil penalty. An examination of the relevant Oregon statutes reveals, however, that the unpaid minimum wages and the civil penalty are merely distinct types of damages, not separate claims.

There are several statutes at play in this case: ORS 653.025, ORS 653.055, and ORS 652.150. ORS 653.025 establishes the minimum wage for the State of Oregon. Proving a violation of ORS 653.025 requires two elements: "[f]irst, the plaintiff was employed by the defendant; and second, the plaintiff performed the work for which he or she was not compensated at the applicable minimum wage rate." Chard v. Beauty-N-Beast Salon, 148 Or. App. 623, 627, 941 P.2d 611, 613 (1997) overruled on other grounds by Cejas Commercial Interiors, Inc. v. Torres-Lizama, 260 Or. App. 87, 316 P.3d 389 (2013).

ORS 653.055 provides statutory remedies to employees whose employers fail to pay the minimum wage established by ORS 653.025. The full text of ORS 653.055 is set out below:

//
//
//
//

4 - OPINION & ORDER

> (1) Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected:
>
>> (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and
>
>> (b) For civil penalties provided in ORS 652.150.

ORS 653.055.

On a plain reading of these statutes, there is a single act by an employer— failing to pay a minimum wage for all hours worked as required by ORS 653.025—that establishes an employer's liability. See State v. Gaines, 346 Or. 160 (2003) (requiring courts to first look at the plain language when interpreting Oregon statutes). In other words, once a plaintiff proves a violation of Oregon's minimum wage law, ORS 653.055 provides that the employer is liable for (a) unpaid minimum wages and (b) a civil penalty as provided in ORS 652.150. See Hurger v. Hyatt Lake Resort, Inc., 170 Or. App. 320, 327, 13 P.3d 123, 126 (2000) (explaining that "ORS 653.055 provides that a violation of the minimum wage laws can give rise to a penalty under ORS 652.150."). While First Student is correct that the two statutory subsections have different statutes of limitations—six years for the unpaid wages and three years for the civil penalty—First Student offers no authority for the proposition that different limitations periods create distinct causes of action. See ORS 12.080(1); ORS 12.100(2). In light of the plain reading of the statutes, the Court declines to adopt First Student's line of reasoning.

Additionally, Oregon courts have analyzed the civil penalty under ORS 652.150 as a form of damages. Wilson v. Smurfit Newsprint Corp., 197 Or. App. 648, 673, 107 P.3d 61, 76 (2005) rev. dismissed, 122 P.3d 65 (Or. 2005) ("the amount of damages at issue in this case, that is, the penalty wages, is readily ascertainable."). That further supports the Court's conclusion

that the civil penalty is one type of damages that can arise from an employer's failure to pay a minimum wage and not, as First Student impliedly asserts, a separate claim or cause of action.

II.  Other Class Challenges

The Court's conclusion that there is a single claim with two different and distinct damages necessarily resolves First Student's other challenges to Hurst's ability to represent the current wage claim class.

First Student argues that Hurst lacks standing to represent the civil penalty portion of the class. Standing requires that (1) the plaintiff suffered an injury in fact, (2) the injury is "fairly traceable" to the challenged conduct, and (3) the injury is "likely" to be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (citation and internal quotations omitted). In a class action, standing is satisfied if at least one named plaintiff meets the requirements. See Armstrong v. Davis, 275 F.3d 849, 860 (9th Cir. 2001). Hurst is the only named plaintiff in this case. With regard to injury in fact, Hurst claims he did not receive any wages for the time he spent in First Student's training program. Hurst's claimed injury traces to First Student's challenged conduct: failure to pay individuals for time spent in its training program. Finally, Hurst's injury will be redressed by a favorable decision because if First Student violated Oregon's minimum wage requirement, the law requires redress of Hurst's claimed injury through payment of damages. Whether other members of the class may be entitled to more damages than Hurst can recover has no bearing on the standing analysis.

First Student also challenges the typicality and adequacy of Hurst as the sole class representative because he is individually time-barred from collecting civil penalty damages. See Fed. R. Civ. P. 23(a) (setting the requirements for class action: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy).

6 - OPINION & ORDER

Typicality tests "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). Class members' claims also must "depend upon a common contention such that determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke." Jimenez v. Allstate Ins. Co., 765 F.3d 1161, 1165 (9th Cir. 2014) (internal citations omitted); see also See General Telephone Co. of Sw. v. Falcon, 457 U.S. 147, 157–58, n.13 (1982) (holding that the commonality and typicality requirements "tend to merge").

In this case, the common contention is whether First Student employed Hurst and those similarly situated during its training program and failed to pay them a minimum wage. The answer to this question establishes whether First Student is liable for damages to the entire class. Hurst meets the typicality requirement because an employer's single act or course of conduct which gives rise to class members' claims is sufficient to show typicality. See Delgado v. Del Monte Fresh Produce, N.A., Inc., 260 Or. App. 480, 490, 317 P.3d 419, 424-25 review denied, 355 Or. 380, 328 P.3d 696 (2014) ("All class members' claims, including the class representatives' claims, were dependent upon the same practice or course-of-conduct evidence to prove [a minimum wage violation]. On that basis, we conclude that the claims of the class representatives are typical of the class.").

Adequacy requires that the representative plaintiff not have "conflicts of interest with the proposed class[.]" Capps v. U.S. Bank Nat'l Ass'n, 2009 WL 5149135, *5 (D. Or. Dec. 28, 2009) (citation and internal quotations omitted).[1] First Student contends that Hurst's inability to

---

[1] Adequacy also requires competency of plaintiff's council. Capps, 2009 WL 5149135, at *5. First Student does not contest the competency of Hurst's counsel so the Court does not address this issue.

7 - OPINION & ORDER

collect a civil penalty creates a conflict with class members who are entitled to the penalty. As previously discussed, once an employee-plaintiff proves a violation of Oregon's minimum wage law, the employer-defendant is liable for unpaid minimum wages and is potentially liable for a civil penalty. Collection of the civil penalty is limited by a three-year statute of limitations. ORS 12.100(2). Hurst does not dispute that he is outside the limitations period.

The only difference, however, between Hurst and the individuals who are within the statute of limitations is the amount of damages they can collect if First Student is liable for failing to pay a minimum wage. Under Ninth Circuit law, the measure of damages is not a disabling conflict. See Yokoyama v. Midland Nat'l Life Ins. Co., 594 F.3d 1087, 1094 (9th Cir. 2010). "So long as the plaintiffs were harmed by the same conduct, disparities in how or by how much they were harmed [does] not defeat class certification." Jimenez, 765 F.3d at 1165. "[D]amages determinations are individual in nearly all wage-and-hour class actions" and "to decertify a class on the issue of damages or restitution may well be effectively to sound the death-knell of the class action device." Leyva v. Medline Indus. Inc., 716 F.3d 510, 513–14 (9th Cir. 2013) (internal citation and quotation marks omitted).

First Student is correct that to collect the civil penalty, a plaintiff must show that the employer "willfully fails to pay any wages or compensation" due when employment ceased. ORS 652.150. Under ORS 652.150, "'willful' does not necessarily imply malice toward the other party, but merely that the acting party acted intentionally." Kline v. Arcadis, Geraghty & Miller, Inc., No. CIV. 98-593-HA, 2000 WL 924687, at *8 (D. Or. June 22, 2000). Thus, a plaintiff can show willfulness by proving the underlying facts for a minimum wage claim: employment by the defendant and lack of payment. See Santiago v. Tamarack Tree Co., No. CV-06-1811-HU, 2007 WL 3171159 (D. Or. July 13, 2007) report and recommendation adopted as

modified, No. 06-CV-1811-HU, 2007 WL 3171137 (D. Or. Oct. 24, 2007) (concluding that an employer willfully failed to pay wages upon termination because its former employee never received wages due for work performed); see also Or. ex rel. Nilsen v. Johnston, 233 Or. 103, 108, 377 P.2d 331, 333 (1962) ("[Willfulness] amounts to nothing more than this: That the person knows what he is doing, intends to do what he is doing, and is a free agent."). Assuming that Hurst can show First Student is liable to the class for failing to pay a minimum wage, the Court can easily address the question of willfulness at the damages phase.

## ORDER

For the reasons stated, Defendant's motion for an order granting summary judgment on Plaintiff's individual claim for civil penalties and decertifying the civil penalty portion of the class [23] is DENIED.

IT IS SO ORDERED.

Dated this _____ day of October, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

9 - OPINION & ORDER